UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TRAVIS VESER, <br> c/o Finney Law Firm, LLC <br> 4270 Ivy Pointe Boulevard, Suite 225, <br> Cincinnati, Ohio 45245 <br><br> Plaintiffs, <br><br> v. <br><br> STANDARD WELLNESS COMPANY, LLC <br> c/o Universal Registered Agents, Inc, <br> 3958 Brown Park Drive Suite D <br> Hilliard, Ohio 43026 <br><br> and <br><br> THE FOREST CINCINNATI, LLC <br> d/b/a THE FOREST <br> c/o Corporation Service Company <br> 1160 Dublin Road, Suite 400 <br> Columbus, Ohio 43215 <br><br> Defendants. | CASE NO: <br><br> JUDGE <br><br> COMPLAINT AND <br> JURY DEMAND |

COMES NOW Plaintiff Travis Veser ("Plaintiff Veser" or "Travis"), by and through his undersigned legal counsel and for his Complaint against Defendants Standard Wellness Company, LLC and The Forest Cincinnati, LLC d/b/a The Forest ("Defendants") alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Travis Veser is a resident of this judicial district. Plaintiff Veser is a former employee of Defendant.

2. Defendant Standard Wellness Company, LLC is an Ohio Limited Liability Company, with its principal office located at 105 Commerce Drive, Gibsonburg, Ohio 43431.

1

3. Defendant The Forest Cincinnati, LLC d/b/a The Forest ("The Forest") is an Ohio Limited Liability Company, with its principal office located at 4412 Mount Carmel Tobasco Road, Cincinnati, Ohio 45244.

4. Defendant The Forest is a subsidiary of Defendant Standard Wellness Company, LLC.

5. This Court has jurisdiction over Plaintiff's Complaint because he is asserting claims under Title VII of the Civil Rights Act of 1964.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims derive from the same operative facts and are so related to their federal claims over which the Court has original jurisdiction that they form a part of the same case or controversy.

7. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff was employed in this judicial district and a substantial part of the actions giving rise to the claims occurred in this judicial district.

**STATEMENT OF FACTS**

8. Travis began his employment with Defendants on July 14, 2023, as a General Manager for its new Cincinnati location (the "Store"), located at 4412 Mount Carmel Tobasco Road, Cincinnati, Ohio 45244.

9. The Store was going through the beginning stages of development at the time of Travis' hiring, and major work needed to be completed before opening its doors to customers.

10. Such work included facilitating final construction on the exterior, working with regulatory agencies to ensure they were compliant, and developing the local clientele – all of which Travis worked tirelessly on.

11. Travis was truly dedicated to the success of the Store, and he was thriving in his position as General Manager.

12. In September of 2023, the Director of Retail Operations ("Director"), Chad Westfall, made an onsite visit to the Store.

13. After his onsite visit, the Director – and Travis's direct supervisor – would often text and call Travis after working hours to discuss matters wholly unrelated to his management of the Store.

14. These conversations made Travis uncomfortable, but he felt obligated to answer his supervisor's consistent phone calls and messages.

15. On September 30, 2023, the Director messaged Travis a shirtless photograph of himself in a suggestive position.

16. The Director's attempt at sexting Travis was unsolicited, unwelcome, and unappreciated.

17. Travis, uncomfortable with the Director's egregious attempt at sexting, reported the Director's sexual advance to Defendant's Human Resource Representative, to no avail.

18. Despite Travis's report, he soon discovered that the Director was scheduled to work at the Store.

19. Travis reported the harassment a second time, this time to Defendant's Head of Compliance, and further expressed his concerns with having to continue to work with his harasser.

20. Upon information and belief, the Director was terminated in the middle of October for violating the Company's sexual harassment policy.

21. Before he reported the Director's sexual harassment, Travis never received any negative performance reviews or reprimands from Defendant.

22. In fact, Travis excelled in his position as General Manager throughout his employment.

23. However, on October 18, 2023 – only *after* reporting the Director for sexual harassment – Travis was unceremoniously demoted from the General Manager to Assistant Manager and informed that his salary would be cut in half.

24. After being informed of his demotion, Travis explicitly opposed Defendant's retaliatory decision to demote him and cut his salary.

25. In stating that he believed the decision to be retaliation, he further stated that he would seek legal counsel regarding the retaliatory demotion.

26. Upon information and belief, Defendants believed that Travis would be consulting with legal counsel regarding his harassment, subsequent demotion, and reduction in pay.

27. That same day, Travis was terminated.

28. Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and he has received a Notice of Right to Sue on said Charge within 90 days of filing this action.

## CAUSES OF ACTION

### Count I: Violation of Title VII
### Sexual Harassment – Hostile Work Environment

29. Plaintiff restates and incorporates by reference herein the allegations in the preceding paragraphs.

30. At all times relevant, Defendant was an "employer" covered by Title VII.

31. Defendant's actions, as hereinabove described, created an intimidating, hostile, and offensive working environment for Plaintiff based on his sex, in violation of Title VII of the Civil Rights Act of 1964.

32. As a result of Defendant's intentional violation of Title VII, Plaintiff has suffered damages in the form of lost wages and benefits, mental anguish, emotional distress, and attorneys' fees and costs.

### Count II: Violation of Title VII
**Retaliation**

33. Plaintiff restates and incorporates by reference herein the allegations in the preceding paragraphs.

34. Title VII prohibits discrimination against employees for opposing what they reasonably believe to be unlawful discrimination or harassment.

35. Plaintiff's reports of the Director's harassment, his opposition to Defendant's retaliatory demotion, and his attempt to seek legal counsel were protected activities under Title VII, and Defendant was not permitted to retaliate against him for those protected activities.

36. Defendant's termination of Plaintiff was in retaliation for his protected activity and was therefore in violation of Title VII of the Civil Rights Act of 1964.

37. As a result of Defendant's intentional violations of Title VII, Plaintiff has suffered damages in the form of lost wages, mental anguish, emotional distress, and attorney's fees and costs.

### Count III: Violation of O.R. C. § 4112.01, *et seq.*
**Sexual Harassment – Hostile Work Environment**

38. Plaintiff restates and incorporates by reference herein the allegations in the preceding paragraphs.

39. At all times relevant, Defendant was an "employer" covered by Ohio Rev. Code § 4112.01, *et seq.*

40. Defendant's actions, as hereinabove described, created an intimidating, hostile, and offensive working environment for Plaintiff based on his sex, in violation of Ohio Rev. Code § 4112.02(A).

41. As a result of Defendant's intentional violation of Ohio Rev. Code § 4112.02(A), Plaintiff has suffered damages in the form of lost wages and benefits, mental anguish, emotional distress, and attorneys' fees and costs.

### Count IV: Violation of Ohio Rev. Code § 4112.01, *et seq*.
### Retaliation

42. Plaintiff restates and incorporates by reference herein the allegations in the preceding paragraphs.

43. Ohio Rev. Code § 4112.01, *et seq*. prohibits discrimination against employees for opposing what they reasonably believe to be unlawful discrimination or harassment.

44. Plaintiff's reports of the Director's harassment and his opposition to Defendant's retaliatory demotion were protected activities under Ohio Rev. Code § 4112.01, *et seq*., and Defendant was not permitted to retaliate against him for those protected activities.

45. Defendant's termination of Plaintiff was in retaliation for his protected activity, and was therefore in violation of Ohio Rev. Code § 4112.01, *et seq*.

46. As a result of Defendant's intentional violations of Ohio Rev. Code § 4112.01, *et seq*., Plaintiff has suffered damages in the form of lost wages, mental anguish, emotional distress, and attorney's fees and costs.

### County V: Termination in Violation of Public Policy

47. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully restated herein, and further alleges that Defendant wrongfully discharged in violation of the clear public policy of the State of Ohio, as set forth in *Chapman v. Adia*

6

*Services, Inc.* (Ohio Ct. App. 1997), 116 Ohio App.3d 534, 688 N.E.2d 604. ("[I]t is repugnant to the public policy of [Ohio] for employers to terminate employees for exercising their right to consult a lawyer.")

48. This clear public policy prohibits employers from terminating employees for consulting with an attorney to ascertain their rights.

49. Dismissing employees under circumstances like those involved in Plaintiff's dismissal would jeopardize the public policy articulated above.

50. Defendant's termination of Plaintiff was motivated by his conduct related to the public policy articulated above.

51. Defendant lacked an overriding legitimate business justification for the termination of Plaintiff's employment.

52. Defendant wrongfully terminated Plaintiff's employment, in violation of Ohio public policy.

53. Defendants' actions were intentional, reckless, and malicious, and exhibited a conscious disregard for Plaintiff's rights that had a great probability of causing substantial harm.

54. As a result of his wrongful discharge in violation of Ohio public policy, Plaintiff has been damaged in the manner and to the extent hereinabove described.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief:

1. Reinstatement and an award of backpay and benefits;

2. If reinstatement is deemed to be inappropriate, for an award of front pay and benefits;

3. Compensatory and punitive damages in amounts to be determined at trial;

4. An award of reasonable attorneys' fees, court costs, and expenses of litigations incurred in the prosecution of this action; and

5. All other and further relief in law or equity, that this Court may deem appropriate and just.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)
Diana L. Emerson (0103214)
Finney Law Firm, LLC
4270 Ivy Pointe Boulevard, Suite 225
Cincinnati, OH 45245
Telephone: (513) 797-2855
Facsimile: (513) 943-6669
Matt@finneylawfirm.com
diana@finneylawfirm.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

*/s/ Matthew S. Okiishi*
Matthew S. Okiishi (0096706)
